IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| **ESSENTIA INSURANCE COMPANY,** | ) |
| Plaintiff, | ) |
| v. | ) |
| **HUNTER DARDEN, III,** | ) |
| Serve: 19311 Rosemont Rd. | ) |
| Franklin, Virginia 23851 | ) Civil Action No.: 2:21-cv-00132 |
| and | ) |
| **HUNTER DARDEN, IV,** administrator of the Estate of Kathy Darden. | ) |
| Serve: 20147 Sedley Rd. | ) |
| Franklin, VA 23851 | ) |
| **Defendants.** | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Essentia Insurance Company ("Essentia"), by counsel, states as follows as its Complaint against Hunter Darden, III and Hunter Darden, IV.

### I.  Parties

1.  Plaintiff Essentia is a corporation organized and existing under the laws of the State of Missouri with its principal place of business in Missouri.

2.  Defendant Hunter Darden, III is a natural person who resides in the City of Franklin, Virginia.

3.  Defendant Hunter Darden, IV is a natural person residing in the in the City of Franklin, Virginia.

4. Defendant Hunter Darden, IV is the son of Defendant Hunter Darden, III and Kathy Darden, deceased, who died on or about August 27, 2020.

5. On September 28, 2020, Hunter Darden, IV qualified as the administrator of Kathy Darden's estate in the Circuit Court for Southhampton County.

## II. Jurisdiction and Venue

6. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## III. Facts

### A. The Underlying Accident

9. On or about August 27, 2020, Kathy Pope Darden was killed in an automobile accident while riding as a passenger in a vehicle driven by her sister, Robin Pope Powell in North Carolina ("the Accident").

10. Upon information and belief, the Accident was caused by the negligence of Dontea William Allen ("Allen"), the operator of another motor vehicle which collided with the vehicle in which Kathy Darden was a passenger.

11. Upon information and belief, Kathy Darden was estranged from her husband, Defendant Hunter Darden, III, at the time of the Accident.

12. At the time of the Accident, Hunter Darden, III resided at 19311 Rosemont Rd., Franklin, Virginia 23841.

13. At the time of the Accident, Kathy Darden resided at 1934 N. Virginia Dare Trail, Kill Devil Hills, North Carolina, 27948.

### B. Insurance Available to Pay Damages for the Underlying Accident

14. Upon information and belief, Allen has personal auto liability insurance with limits of $50,000 per person and $100,000 per accident available to pay as damages to the Estate of Kathy Darden for her death in the Accident.

15. Upon information and belief, Allen tendered his $50,000 per person liability limits to the Estate of Kathy Darden.

16. Upon information and belief, Kathy Darden had personal auto liability insurance with limits of Uninsured/Underinsured motorist coverage of $250,000 per person which are available to pay as damages to the Estate of Kathy Darden for her death in the Accident.

17. Upon information and belief, the owner of the vehicle in which Kathy Darden was a passenger at the time of the Accident has personal auto liability insurance with limits of Uninsured/Underinsured motorist coverage of $100,000 per person which are available to pay as damages to the Estate of Kathy Darden for her death in the Accident.

18. Upon information and belief, the damages for Kathy Darden's death in the Accident exceed the limits of available insurance described in the preceding paragraphs.

19. On January 14, 2021, Hunter Darden, IV, in his capacity as the administrator of the Estate of Kathy Darden, via counsel, demanded that Essentia pay the $500,000 limits of Uninsured Motorists Bodily Injury coverage provided by policy no. 2P85338 issued to Hunter Darden, III (the "Essentia Policy", as more fully described in paragraphs 22-25 below) in connection with the Accident.

20. Essentia disputes its obligation to pay the benefits demanded by the Estate of Kathy Darden and seeks a declaration that Essentia has no coverage obligation under the Essentia Policy for the Accident, or, in the alternative, that Essentia's obligation to pay benefits is subject to the priority of coverage stated in the provisions of the Essentia Policy.

### C. The Essentia Policy

21. Essentia issued Classic Auto Insurance Policy No. 2P85338 to Hunter Darden, III as the Named Insured (the "Policy"). The Policy was effective from January 15, 2020 to January 15, 2021 and gives Hunter Darden, III's address as: 19311 Rosemont Rd., Franklin, VA 23851.

22. The Policy contains Uninsured Motorists Bodily Injury coverage with a limit of $500,000 per person and $500,000 per accident.

23. The Policy was issued by Essentia and delivered to Hunter Darden, III in Virginia.

24. As amended by endorsement AC 002 VA 11 18, Uninsured Motorists Coverage – Virginia, the Policy provides:

> **DEFINITIONS**
>
> \* \* \*
>
> A. Throughout this policy, "you" and "your" refer to:
>
> 1. The "named insured" shown in the Declarations;
>
> 2. The spouse if a resident of the same household.
>
> If the spouse ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse will be considered "you" and "your" under this policy but only until the earlier of:
>
> 1. The end of the 90 days following the spouse's change of residency;
>
> 2. The effective date of another policy listing the spouse as a named insured; or

4

3. The end of the policy period.

\* \* \*

F. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

\* \* \*

**PART A – UNINSURED MOTORISTS COVERAGE**

\* \* \*

### INSURING AGREEMENT

A. We will pay, in accordance with Va. Code Ann. Section 38.2-2206, damages which an "insured" or an "insured's" legal representative is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" or an "underinsured motor vehicle because of:

1. "Bodily injury" sustained by an "insured" and caused by an accident…

\* \* \*

C. "Insured" as used in this endorsement means:

1. You or any "family member".

\* \* \*

D. "Underinsured motor vehicle" means a land motor vehicle or trailer of any type for which the sum of:

1. The limits of liability under all liability bonds or policies; or

2. All deposits of money or securities made to comply with the Virginia Financial Responsibility Law; that is "available for payment" is less than the sum of the limits of liability applicable to the "insured" for Uninsured Motorists Coverage under this policy or any other policy.

"Available for payment" as used in this Paragraph (D.) means the amount of liability coverage applicable to the claim of the "insured" as reduced by the payment of any other claims arising out of the same occurrence.

* * *

**OTHER INSURANCE**

If there is other similar insurance available under one or more policies or provisions of coverage and:

* * *

B. The damages are caused by an accident with an "underinsured motor vehicle", the following priority of policies applies and any amount available for payment shall be credited against such policies in the following order of priority:

First Priority: The policy applicable to the vehicle the "insured" was "occupying" at the time of the accident.

Second Priority: The policy applicable to a vehicle not involved in the accident under which the "insured" is a named insured.

Third Priority: The policy applicable to a vehicle not involved in the accident under which the "insured" is other than a named insured.

If there is more than one policy providing coverage on the same level of priority, we will only pay our share of the loss that must be paid under that priority. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on the same level of priority.

## IV.     Count I – Declaratory Judgment

25.     An actual controversy exists between Essentia and the defendants concerning whether Essentia has a duty under the Essentia Policy to provide coverage for Kathy Darden's death in the Accident.

26.     Essentia seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that:

6

(A) Essentia owes no coverage obligation under the Policy to the extent that Kathy Darden does not meet the definition of "you" under the Policy in that she was not a "resident" of Hunter Darden, III's household at the time of the Accident or, in the alternative, because she ceased being a "resident" of Hunter Darden, III's household during the policy period and one of the following events occurred prior to the Accident: ninety days elapsed after Kathy Darden ceased residing in Hunter Darden, III's household; or another policy listing Kathy Darden as named insured became effective; and

(B) Essentia owes no coverage obligation under the Policy to the extent that Kathy Darden was not a "resident" of Hunter Darden, III's household at the time of the Accident and therefore was not a "family member" who qualified as an "insured" for the purposes of Part A of the Policy's Uninsured Motorists endorsement; or

(C) to the extent it is determined that Essentia owes coverage for the Accident under the Policy, such obligation is subject to the order of priority provided for in Part B of the Other Insurance provision contained in the Policy's Uninsured Motorists endorsement; and/or

(D) Essentia owes no coverage obligation under the Policy or Essentia's coverage obligations under the Policy are limited to the extent that other provisions or exclusions of the Policy apply to limit or bar coverage for the Accident.

WHEREFORE, Essentia respectfully requests that this Court:

1. Declare that Essentia has no coverage obligation under the Policy to the Estate of Kathy Darden with respect to the Accident or for any related claims under the Essentia Policy or otherwise;

2. In the alternative, declare that any coverage owed by Essentia is subject to the Priority of Coverage provision found in the Policy's Uninsured Motorists endorsement; and

3. Award such other and further relief as this Court deems just and proper.

                **ESSENTIA INSURANCE COMPANY**

                **By:** /s/ John B. Mumford, Jr.
                      **Counsel**

John B. Mumford, Jr. (VSB No.: 38764)
Andrew S. Willis (VSB No.: 84618)
Hancock, Daniel & Johnson, P.C.
4701 Cox Road, Suite 400
Glen Allen, VA 23060
jmumford@hancockdaniel.com
awillis@hancockdaniel.com
Telephone: (804) 967-9604
Facsimile: (804) 967-9888
*Counsel for Essentia Insurance Company*